UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JANE DOE,  )
    *Plaintiff*, )
     )
*vs.* ) 1:10-cv-1316-JMS-DML
     )
JOE MARVEL, *in his official capacity, et al.*, )
    *Defendants.* )
     )

## ORDER

On October 20, 2010, Plaintiff filed a Complaint against various jail officials for a violent sexual attack that she alleges took place while she was incarcerated at the Vigo County Jail. [Dkt. 1.] Currently pending before the Court are Plaintiff's Motion to Prosecute Under Pseudonym, [dkt. 7], and her Motion to Seal Future Filings, [dkt. 8].[1]

### I. Proceeding Anonymously

In her Motion to Prosecute Under Pseudonym, Plaintiff seeks to proceed anonymously as "Jane Doe." Rule 10(a) of the Federal Rules of Civil Procedure, however, requires a complaint to include the names of all of the parties to the suit. That rule "instantiates the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). The presumption that parties' identities will be public information can be rebutted, however, by showing that the harm to the plaintiff exceeds the likely harm from concealment. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). Fictitious names are allowed to protect the privacy of children, rape victims, and

---

[1] Defendants have not yet responded to either of Plaintiff's motions; however, the Court need not wait for Defendants' response to deny Plaintiff's motions. *Doe v. Individual Members*, 2009 U.S. Dist. LEXIS 69609 *2 n.1 (S.D. Ind. Aug. 8, 2009), *obj. overruled by Doe v. Individual Mbrs. of the Ind. State Bd. of Law Examiners*, 2010 U.S. Dist. LEXIS 1001 (S.D. Ind. Jan. 4, 2010).

- 1 -

other particularly vulnerable parties or witnesses. *Blue Cross & Blue Shield United*, 112 F.3d at 872.

This Court has "an independent duty" to determine whether "exceptional circumstances" exist to justify a departure from the typical method of proceeding in federal court under a party's real name. *City of Chicago*, 360 F.3d at 669-70. In making that determination, this Court, as other courts have done, will use a six-factor test to balance a plaintiff's interest in anonymity against the public's interest in disclosure:

> 1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Doe v. Individual Mbrs. of the Ind. State Bd. of Law Examiners*, 2010 U.S. Dist. LEXIS 1001, *4-*5 (S.D. Ind. Jan. 4, 2010); *Does v. City of Indianapolis*, 2006 U.S. Dist. LEXIS 54877, *4-*5 (S.D. Ind. Aug. 7, 2006).

Plaintiff succinctly argues that she should be allowed to proceed anonymously because her claim "involve[s] sexual abuse of her and some of the evidence will be graphic and embarrassing." [Dkt. 7 at 1.] Plaintiff's argument does not cite case law, apply the fact-specific six-factor test, or provide enough information for the Court to determine whether Plaintiff's case satisfies the exceptional circumstances necessary to proceed anonymously. Therefore, the Court denies Plaintiffs' Motion to Prosecute Under Pseudonym without prejudice to refile. If Plaintiff chooses to refile, the Court recommends that filing not occur until after Defendants have appeared.

## II. Sealed Filings

In its entirety, Plaintiffs' request that future filings be made under seal provides, "Plaintiff, by counsel and pursuant to Rule 5.2(d) and L.R. 5.3, respectfully moves for an order that all filings after the Complaint be made under seal." [Dkt. 8 at 1.]

The public heavily subsidizes the court system and, therefore, has an interest in all stages of a judicial proceeding. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). While that interest does not always trump the privacy interests of the litigants, it can be overridden if the privacy interests predominate in the particular case—in other words, "only if there is good cause for sealing a part or the whole of the record in that case." *Id.* The party seeking to seal items has the burden of showing cause and must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 548 (7th Cir. 2002).

In light of the presumption that the court's records are open to the public, Plaintiff has not even begun to satisfy her burden of proving that good cause exists for all future filings to be under seal. Plaintiff's request is incredibly overbroad—it does not (and realistically cannot) specify what confidential information will be contained in all future filings. Moreover, Plaintiff does not argue why her interests prevail over the presumption for public filings. And Plaintiff does not provide reasons or legal citations to support the request as required by Seventh Circuit case law. *Baxter Int'l*, 297 F.3d at 548. For these reasons, Plaintiffs' Motion to Seal Future Filings is denied.

### CONCLUSION

For the reasons detailed herein, the Court **DENIES** Plaintiffs' Motion to Prosecute Under Pseudonym, **without prejudice to refile**. [Dkt. 7.] The Court also **DENIES** Plaintiffs' Motion to Seal Future Filings. [Dkt. 8.] To the extent good cause exists for specific filings to be main-

tained under seal, Plaintiff should recite that good cause in a motion to seal those filings on a case-by-case basis.

      10/27/2010

                                          _____
                                          Hon. Jane Magnus-Stinson, Judge
                                          United States District Court
                                          Southern District of Indiana

**Distribution via ECF only:**

Thomas W. Blessing
FRAZIER & ASSOCIATES
tom@frazierlaw.net

Ronald William Frazier
FRAZIER & ASSOCIATES
ron@frazierlaw.net